Nash, C. J.
 

 The bill is filed for an account of a trust fund and reconveyance, and to restrain the defendant from selling a couple of slaves, a portion of the trust property. The account and reconveyance are claimed upon the ground that the debts for the payment of which the trust was created have been discharged b3r the plaintiffs, and the., injunction, upon the ground of irreparable mischief to the plaintiff-, if the slaves are sold by the defendant. Upon the conring in of the answer the injunction was dissolved by the presiding Pudge, and the only question presented to us is as to the correctness of this interlocutory order. The whole equity of this case is covere'd by that of
 
 Purnell
 
 v. Daniel, 8 Ire. Eq. 9. The principle which is to guide us here is so plainly stated there, that we cannot do better than to recite
 
 it:
 
 — u This, (says my brother PeársoN, in delivering the opinion of the Court,) is not the case of an ordinary or common injunction, in aid of, and secondary to, another equity ; but it is the point of the cause. It is to prevent irreparable injury, as is alleged, and to dissolve the injunction decides the case ; for to dissolve it allows the act to be done.” Again, in the case of
 
 Lloyd
 
 v. Heath, ante, 41, the Court. sa3r,
 
 “
 
 where the plaintiff fails to elicit from the defendant a discovery which admits tire allegations of tire bill, the bill is allowed to be read as an affidavit on the part of the plaintiff, and if upon the whole case the matter is left in doubt, the injunction will be continued to the hearing, to allow the plaintiff a chance to support his allegations by proof, before a thing the consequence of which is irreparable is allowed to be done.” In both those cases the injunctions were special, restraining acts of a special na
 
 *245
 
 ture, and in disposing of them a different rule exists in Courts of Equity from that of dealing with a common injunction to restrain proceedings at law.
 

 In this case the injunction is of the former kind ; and to dissolve it is to permit the act to be done which is to produce to the plaintiff an irreparable mischief. The bill charges that the plain'tiff; Amos McNeely; being considerably indebted, and about to remove out of .the State, and desirous to secure to his creditors the payment of their debts for which the other plaintiff was surety, placed in the hands of the defendant, Steele, several notes and bonds, and some household furniture, and that James by two deeds of trust, conveyed to the said Steele a tract of land and two slaves to secure the payment of the debts enumerated in them, with an express stipulation that if the debts so due were paid by the plaintiff by a time specified, the property was all to be recon-veyed. The bill then alleges that all the debts so secured have been discharged by the plaintiff. Among the notes placed in the hands of the defendant were two given by James McNeely to the other plaintiff Amos for money due him, one for $209, and the other for $130.68. In the bill it' is alleged that those notes constituted a part of the trust fund, and that the first has been paid, but that the other remains still in the possession of the defendant, and that he threatens to sell the slaves mentioned in the deed to satisfy it. In the answer, the payment of the debts enumerated in the deed of trust is admitted, except as to a note for thirty dollars, and the one on James McNeely ; but it denies that the last mentioned note constituted any of the trust fund, and avers that the same was transferred to the defendant in absolute property by Amos McNeely, and was among the debts intended to be secured ; and that to discharge it, he had advertised the slaves so conveyed. The pleadings then do not present the case of a common and ordinary injunction
 
 “
 
 in aid of and secondary to another equity,” but it is in itself the point in the case, and to dissolve the injunction, decides it. The real dispute is, in whom 'is the title and interest in the note for $130.68 — a matter which is left in doubt and must be further inquired into : in which case the injunction must be continued to the hearing. ■
 

 
 *246
 
 , In the interlocutory order dissolving the injunction there is error, and the injunction must be continued to the hearing. This opinion will be certified.
 

 Per Curiam.- Interlocutory order reversed.